**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Jessica R. K. Dorman, Esq. (SBN 279919)
Jessica@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

[Other Attorneys on Signature Page]

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW PALMER and ANNETTE MARTINEZ, **Individually And On Behalf Of All Others Similarly Situated,**<br><br>**Plaintiffs,**<br><br>v.<br><br>THE QUAKER OATS COMPANY D/B/A GOLDEN GRAIN COMPANY,<br><br>**Defendant.** | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1) **VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT (CAL. CIVIL CODE §§ 1750, ET SEQ.);**<br>2) **CALIFORNIA BUS. & PROF. §§ 17200 ET SEQ;**<br>3) **CALIFORNIA BUS. & PROF. §§ 17500 ET SEQ;**<br>4) **NEW YORK DECEPTIVE TRADE PRACTICES ACT, GEN. BUS. LAW. § 349**<br>5) **NEGLIGENT MISREPRESENTATION;**<br><br>**JURY TRIAL DEMANDED** |

*Sidebar (rotated):* KAZEROUNI LAW GROUP, APC / 245 FISCHER AVENUE, SUITE D1 / COSTA MESA, CA 92626

**INTRODUCTION**

1. The average consumer spends a mere 13 seconds making an in-store purchasing decision, or between 10 to 19 seconds for an online purchase.[1] That decision is heavily dependent on a product's packaging, and particularly the package dimensions:  "Most of our studies show that 75 to 80 percent of consumers don't even bother to look at any label information, no less the net weight . . . . Faced with a large box and a smaller box, both with the same amount of product inside . . . consumers are apt to choose the larger box because they think it's a better value."[2]  This lawsuit charges Defendant with intentionally packaging its Rice A Roni and Pasta Roni products (collectively, "Products") in large, opaque containers that contain more than 50% empty space.  Consumers, in reliance on the size of the containers, paid a premium price for the Products, which they would not have purchased had they known that the containers were substantially empty.

2. Matthew Palmer ("Palmer") and Anette Martinez ("Martinez") (hereinafter "Plaintiffs"), individually and on behalf of all others similarly situated, bring this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the unlawful and deceptive actions of The Quaker Oats Company ("Defendant" or "Quaker Oats") with respect to the packaging of its Products.  Plaintiffs allege as follows upon personal knowledge as to themselves and their own acts and

---

[1] http://www.nielsen.com/us/en/insights/news/2015/make-the-most-of-your-brands-20-second-windown.html (citing the Ehrenberg-Bass Institute of Marketing Science's report "Shopping Takes Only Seconds…In-Store and Online").   Accessed May 4, 2016.

[2] http://www.consumerreports.org/cro/magazine-archive/2010/january/shopping/product-packaging/overview/product-packaging-ov.htm (quoting Brian Wansink, professor and director of the Cornell Food and Brand Lab, who studies shopping behavior of consumers). Accessed May 4, 2016

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

3. Rice-A-Roni and Past Roni products "have a long and rich history, dating back to the late 1890s in Italy."[3]  "Today, Rice-A-Roni and Pasta Roni are both leading brands in the grocery store."  There are more than 30 Rice-A-Roni flavors and over 20 Pasta Roni flavors available.[4]  On information and belief, all Rice-A-Roni and Pasta Roni products are packaged in the same size, opaque containers, irrespective of flavor.

4. On January 22, 2016, Plaintiff Palmer purchased a Rice-A-Roni product, Chicken flavor, for $1.04 at Target in Northridge, California.

5. On October 3, 2015, Plaintiff Martinez purchased two Pasta Roni products, Shells & White Cheddar and Parmesan Cheese Angel Hair Pasta, at ShopRite in Stony Point, New York.  The Pasta Roni products were on sale for four for five dollars ($1.25 each).

6. Plaintiffs purchased the Products, and expected to receive a full container of Product.  Plaintiffs purchased the Products in reliance on Defendant's packaging in containers made, formed or filled as to be misleading and containing non-functional slack-fill. The Products are packaged in non-transparent containers, as depicted below.  Plaintiffs were surprised and disappointed when they opened the Products to discover that the containers had roughly 50% empty space, or slack-fill.  Had Plaintiffs known about the slack-fill at the time of purchase, they would not have bought Defendant's Products.

7. Defendant's conduct violates Consumer protection and labeling laws.

//

//

---

[3] http://www.ricearoni.com/About/Our_Founding_Family/
[4] http://www.ricearoni.com/About/Rice-A-Roni_Products/

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

### JURISDICTION AND VENUE

8.   This Court has jurisdiction over this matter pursuant to the Class Action Fairness Act (CAFA) because the amount in controversy in this matter exceeds $5,000,000.00[5] as to all putative Class members, inclusive of attorneys' fees and costs, and injunctive relief.  *See* 28 U.S.C. § 1332(d).

9.   Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367 for supplemental state claims because they form part of the same case or controversy under Article III of the United States Constitution.

10.  The Court has personal jurisdiction over Defendant because its Products are advertised, marketed, distributed and sold through the State of California; Defendant engaged in the wrongdoing alleged in this Complaint throughout the United States, including in the State of California; Defendant is authorized to do business in the State of California; and Defendant has sufficient minimum contacts with the State of California, rendering the exercise of jurisdiction by the Court permissible under traditional notions of fair play and substantial justice.   Moreover, Defendant is engaged in substantial activity with the State of California.

11.  Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred within this judicial district, Defendant has marketed and sold the Products at issue in this action in this judicial district, and it conducts business within this judicial district.   In addition, Plaintiff Palmer resides and purchased the product in this judicial district.

---

[5] On information and belief, Defendant sells its Products in bricks and mortar stores and on websites throughout the Nation.  Based upon the advertised price of Defendant's Products and their nationwide availability, Plaintiff is informed, believes, and thereon alleges the class damages exceed the $5,000,000 threshold as set by 28 U.S.C. § 1332(d).

**PARTIES**

12.    Plaintiff Matthew Palmer is a citizen of the State of California and resides in Los Angeles, California.

13.    Plaintiff Annette Martinez is a citizen of the State of New York and resides in West Haverstraw, New York.

14.    Defendant is a publicly-traded corporation with its headquarters in Chicago, Illinois.

**FACTUAL ALLEGATIONS**

**Federal and State Laws Prohibit Non-functional Slack Full**

15.    The Federal Food Drug and Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq.*, governs the sale of foods, drugs and cosmetics in the United States. The classification of a product as a food, drug, or cosmetic affects the regulations by which the manufacturer must abide. In general, a product is characterized according to its intended use, which may be established, among other ways, by: (a) claims stated on the product's labeling, in advertising, on the Internet, or in other promotional materials; (b) consumer perception established through the product's reputation, for example by asking why the consumer is buying it and what the consumer expects it to do; or (c) the inclusion of ingredients well-known to have therapeutic use, for example fluoride in toothpaste. The Products are characterized and understood by consumers to be a food.

16.    Under the FDCA, the term "false" has its usual meaning of untruthful, while the term "misleading" is a term of art. Misbranding reaches not only false claims, but also those claims that might be technically true, but still misleading. If any one representation in the labeling is misleading, the entire Product is misbranded. No other statement in the labeling cures a misleading statement. "Misleading" is judged in reference to "the ignorant, the unthinking and the credulous who, when making a purchase, do not stop to

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

analyze." *United States v. El-O-Pathic Pharmacy*, 192 F.2d 62, 75 (9th Cir. 1951).  Under the FDCA, it is not necessary to prove that anyone was actually misled. [Do we have a case for this proposition?]

### A.    Misbranding of Foods

17.  Under the Federal Food Drug and Cosmetic Act ("FDCA"), 21 U.S.C. § 343(d), a food shall be deemed to be misbranded if "(a) . . . (1) its labeling is false or misleading in any particular"; or "(d) If its container is so made, formed, or filled as to be misleading."

18.  Pursuant to 21 C.F.R. §100.100, a food is misbranded if "its container is so made, formed or filled as to be misleading."  In addition, "(a) A container that does not allow the consumer to fully view its contents shall be considered to be filled as to be misleading if it contains nonfunctional slack-fill.  Slack-fill is the difference between the actual capacity of a container and the volume of product contained therein.  Nonfunctional slack-fill is the empty space in a package that is filled to less than its capacity for reasons other than:

(1) Protection of the contents of the package;

(2) The requirements of the machines used for enclosing the contents in such package;

(3) Unavoidable product settling during shipping and handling;

(4) The need for the package to perform a specific function (e.g., where packaging plays a role in the preparation or consumption of a food), where such function is inherent to the nature of the food and is clearly communicated to consumers;

(5) The fact that the product consists of a food packaged in a reusable container where the container is part of the presentation of the food and has value which is both significant in proportion to the value of the product and independent of its function to hold the food, e.g., a gift product consisting

of a food or foods combined with a container that is intended for further use after the food is consumed; or durable commemorative or promotional packages; or

(6) Inability to increase level of fill or to further reduce the size of the package . . . ."

19. None of the above safe-harbor provisions applies to the Products. Defendant intentionally incorporated non-functional slack-fill in its packaging of the Products in order to mislead consumers, including Plaintiffs and Members of the Class. *Waldman v. New Chapter, Inc.,* 714 F. Supp. 2d 398, 405 (E.D.N.Y. 2010) ("Misleading consumers is not a valid reason to package a product with slack-fill. *See* 21 C.F.R. § 100.100(a)(1-6).").

20. Consumer protection and food labeling laws of the states of California and New York impose requirements which mirror the federal law. California Business & Professions Code states, "[n]o container shall be made, formed, or filled as to be misleading" and  "[a] container that does not allow the consumer to fully view its contents shall be considered to be filled as to be misleading if it contains nonfunctional slack fill." *See* Cal. Bus. & Prof. Code § 12606 (incorporating the safe harbor provisions of the CFR). *See also* Cal. Health and Safety Code § 110690 ("Any food is misbranded if its container is so made, formed, or filled as to be misleading."); NY AGM. Law § 201 ("Food shall be deemed to be misbranded . . . . If its container is so made, formed, colored or filled as to be misleading.").

**Defendant's Products Contain Non Functional Slack-Fill**

21. Defendant's Products are sold in non-transparent containers that contain significant slack-fill, as described below.

22. The Pasta Roni container, Shells & White Cheddar, for example, is approximately 7.5 inches tall and 1.75 inches wide.  Not including the space comprised by the small and relatively flat flavor packet, approximately 53%

of the interior of the container is comprised of empty space, or non-functional slack fill. *See* PHOTO A.

PHOTO A



23. Similarly, the Rice-A-Roni container, Chicken, for example, is approximately 7.5 inches tall and 1.75 inches wide. Not including the space comprised by the small and relatively flat flavor packet, approximately 53% of the interior of the container is comprised of empty space, or non-functional slack fill. *See* PHOTO B.

PHOTO B



KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

24. Judging from the sizes of the containers, a reasonable consumer would expect them to be substantially filled with product.  Consumers are misled into believing that they are purchasing substantially more Product than they receive.

25. There is no functional reason for including approximately 50% slack-fill in the Products.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

26. On information and belief, consumers have relied upon, and are continuing to rely upon, the size of the Product containers as the basis for making purchasing decisions. Consumers believe that the Products are substantially full because they cannot see the actual contents within the non-transparent container. *See Waldman v. New Chapter, Inc.*, 714 F. Supp. 2d 398, 404 (E.D.N.Y. 2010) (finding that a half-filled supplement container could constitute a "misleading representation" that resulted in the unjust enrichment of the manufacturer even though the weight of the product and the number of servings enclosed were clearly listed on the outer packaging).

27. On information and belief, Defendant is selling and will continue to sell the Products using these blatantly deceptive and misleading slack-filled containers.

28. Defendant's packaging and advertising of the Products violates various state laws against misbranding, which contain requirements that mirror the FDCA, as described herein.

**Plaintiffs Relied on Defendant's Misleading and Deceptive Conduct and Were Injured as a Result**

29. The types of misrepresentations made, as described herein, were considered by Plaintiffs and Class Members (as would be considered by a reasonable consumer) when deciding to purchase the Products. Reasonable consumers, including Plaintiffs and Class Members, attached importance to whether Defendant's Products were misbranded, *i.e.*, not legally salable, or capable of legal possession, and/or contain non-functional slack-fill.

30. Plaintiffs and Class Members did not know, and had no reason to know, that the Products contained non-functional slack-fill.

31. Defendant's Product packaging was a material factor in Plaintiffs' and Class Members' decisions to purchase the Products. Based on Defendant's Product packaging, Plaintiffs and Class Members believed that they were getting

more Product than was actually being sold.   Had Plaintiffs known Defendant's packaging was slack-filled, they would not have bought the slack-filled Products.

32.   Plaintiffs and Class Members paid the full price of the Products and received less Product than they expected due to the non-functional slack-fill in the Products.

33.   There is no practical reason for the non-functional slack-fill used to package the Products other than to mislead consumers as to the actual volume of the Products being purchased by consumers.

34.   Competitors have utilized alternative packaging, which provides a better representation of the amount of product actually contained within the packaging.

35.   As a result of Defendant's misrepresentations, Plaintiffs and thousands of others throughout the United States purchased the Products.   Plaintiffs and the Class (defined below) have been damaged by Defendant's deceptive and unfair conduct.

## CLASS ACTION ALLEGATIONS

36.   Plaintiffs bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and the following National class and subclasses (collectively, the "Class" or "Classes"), defined as:

National Class:   All persons in the United States who made retail purchases of Rice-A-Roni and Pasta Roni Products in containers made, formed or filled as to be misleading and with non-functional slack-fill, during the applicable limitations period, and/or such subclasses as the Court may deem appropriate.

California Subclass:  All California residents who made retail purchases of Rice-A-Roni and Pasta Roni Products in containers made, formed or filled as to be misleading and with non-functional slack-fill, during the

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

applicable limitations period, and/or such subclasses as the Court may deem appropriate.

New York Subclass:  All New York residents who made retail purchases of Rice-A-Roni and Pasta Roni Products in containers made, formed or filled as to be misleading and with non-functional slack-fill, during the applicable limitations period, and/or such subclasses as the Court may deem appropriate.

37.   The proposed Classes exclude current and former officers and directors of Defendant, Members of the immediate families of the officers and directors of Defendant, Defendant's legal representatives, heirs, successors, assigns, and any entity in which it has or has had a controlling interest, and the judicial officer to whom this lawsuit is assigned.

38.   Plaintiffs reserve the right to revise the Class definitions based on facts learned in the course of litigating this matter.

39.   Numerosity: This action has been brought and may properly be maintained as a class action against Defendant under Rules 23(b)(1)(B) and 23(b)(3) of the Federal Rules of Civil Procedure.  While the exact number and identities of other Class Members are unknown to Plaintiffs at this time, Plaintiffs are informed and believe that there are hundreds of thousands of Members in the Class.  Based on sales of the Products, it is estimated that the Class is composed of hundreds of thousands of persons, if not millions of persons. Furthermore, even if subclasses need to be created for these consumers, it is estimated that each subclass would have hundreds of thousands of Members. The Members of the Class are so numerous that joinder of all Members is impracticable and the disposition of their claims in a class action rather than in individual actions will benefit the parties and the courts.

40.   Typicality:  Plaintiffs' claims are typical of the claims of the Members of the Class as all Members of the Class are similarly affected by Defendant's wrongful conduct, as detailed herein.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

41. <u>Adequacy</u>:  Plaintiffs will fairly and adequately protect the interests of the Members of the Class in that they have no interests antagonistic to those of the other Members of the Class.  Plaintiffs have retained experienced and competent counsel.

42. <u>Superiority</u>:  A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Since the damages sustained by individual Class Members may be relatively small, the expense and burden of individual litigation makes it impracticable for the Members of the Class to individually seek redress for the wrongful conduct alleged herein.  Furthermore, the adjudication of this controversy through a class action will avoid the potentially inconsistent and conflicting adjudications of the claims asserted herein.  There will be no difficulty in the management of this action as a class action.  If Class treatment of these claims were not available, Defendant would likely unfairly receive thousands of dollars or more in improper revenue.

43. <u>Common Questions Predominate</u>:  Common questions of law and fact exist as to all Members of the Class and predominate over any questions solely affecting individual Members of the Class.  Among the common questions of law and fact applicable to the Class are:

i.      Whether Defendant labeled, packaged, marketed, advertised and/or sold Products to Plaintiffs, and those similarly situated, using false, misleading and/or deceptive packaging and labeling;

ii.     Whether Defendant's actions constitute violations of 21 U.S.C. 100.100, *et. seq.*;

iii.    Whether Defendant's actions constitute violations of state consumer protection laws;

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

iv.     Whether Defendant omitted and/or misrepresented material facts in connection with the labeling, packaging, marketing, advertising and/or sale of its Products;

v.      Whether Defendant's labeling, packaging, marketing, advertising and/or selling of Products constituted an unfair, unlawful or fraudulent practice;

vi.     Whether Defendant's packaging of the Products constituted nonfunctional slack-fill;

vii.    Whether, and to what extent, injunctive relief should be imposed on Defendant to prevent such conduct in the future;

viii.   Whether the Members of the Class have sustained damages as a result of Defendant's wrongful conduct;

ix.     The appropriate measure of damages and/or other relief; and

x.      Whether Defendant should be enjoined from continuing its unlawful practices.

44.  The class is readily definable, and prosecution of this action as a Class action will reduce the possibility of repetitious litigation.  Plaintiffs know of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a Class action.

45.  The prerequisites to maintaining a class action for injunctive relief or equitable relief pursuant to Rule 23(b)(2) are met, as Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive or equitable relief with respect to the Class as a whole.

46.  The prerequisites to maintaining a class action for injunctive relief or equitable relief pursuant to Rule 23(b)(3) are met, as questions of law or fact common to the Class predominate over any questions affecting only

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

individual Members; and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

47.  The prosecution of separate actions by Members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant.  Additionally, individual actions may be dispositive of the interest of all Members of the Class, although certain Class Members are not parties to such actions.

48.  Defendant's conduct is generally applicable to the Class as a whole and Plaintiffs seek, *inter alia*, equitable remedies with respect to the Class as a whole.  As such, Defendant's systematic policies and practices make declaratory relief with respect to the Class as a whole appropriate.

## CAUSES OF ACTION
### COUNT I
## VIOLATION OF CALIFORNIA'S CONSUMER LEGAL REMEDIES ACT, Cal. Civ. Code § 1750, *et seq.*

49.  Plaintiffs reallege and incorporate herein by reference the allegations contained in all preceding paragraphs, and further allege as follows:

50.  Plaintiffs bring this claim individually and on behalf of the Class for Defendant's violations of California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code 1761(d).

51.  Plaintiffs and the Class Members are consumers who purchased the Products for personal, family or household purposes.  Plaintiffs and the Class Members are "consumers" as that term is defined by the CLRA in Cal. Civ. Code 1761(d).  Plaintiffs and the Class Members are not sophisticated experts with independent knowledge of corporate branding, labeling and packaging practices.

52.  The Products that Plaintiffs and other Class Members purchased from Defendant were "goods" within the meaning of Cal. Civ. Code 1761(a).

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

53. Defendant's actions, representations, and conduct have violated, and continue to violate the CLRA, because they extend to transactions that intended to result, or which have resulted in, the sale of goods to consumers.

54. Defendant violated federal and California law because the Products are packaged in containers made, formed or filled as to be misleading and which contain non-functional slack-fill, and because they are intentionally packaged to prevent the consumer from being able to fully see their contents.

55. California's Consumers Legal Remedies Act, Cal. Civ. Code 1770(a)(5), prohibits "Misrepresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have."  By engaging in the conduct set forth herein, Defendant violated and continues to violate Section 1770(a)(5) of the CLRA, because Defendant's conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that it misrepresents that the Products have quantities they do not have.

56. Cal. Civ. Code 1770(a)(9) further prohibits "[a]dvertising goods or services with intent not to sell them as advertised."  By engaging in the conduct set forth herein, Defendant violated and continues to violate Section 1770(a)(9), because Defendant's conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that it advertises goods as containing more product than they in fact contain.

57. Plaintiffs and the Class Members are not sophisticated experts about corporate branding, labeling and packaging practices.  Plaintiffs and the Class acted reasonably when they purchased the Products based on their belief that Defendant's representations were true and lawful.

58. Plaintiffs and the Class suffered injuries caused by Defendant because (a) they would not have purchased the Products on the same terms absent

Defendant's illegal and misleading conduct as set forth herein; (b) they paid a price premium for the Products due to Defendant's misrepresentations and deceptive packaging in containers made, formed or filled as to be misleading and containing non-functional slack-fill; and (c) the Products did not have the quantities as promised.

59. On or about February 22, 2016, prior to filing this action, a CLRA notice letter was sent Defendant which complies with California Civil Code 1782(a).   Plaintiff Palmer sent Quaker Oats individually and on behalf of the proposed Class, a letter via Certified Mail, advising Defendant that it is in violation of the CLRA and demanding that it cease and desist from such violations and make full restitution by refunding the monies received therefrom.   A true and correct copy of Plaintiff Palmer's letter is attached hereto as EXHIBIT 1.

60. Wherefore, Plaintiffs seek injunctive relief for these violations of the CLRA.

## COUNT II
## VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW,
### California Business & Professions Code § 17200, *et seq.*

61. Plaintiffs reallege and incorporate herein by reference the allegations contained in all preceding paragraphs, and further allege as follows:

62. Plaintiffs bring this claim individually and on behalf of the Members of the Class for Defendant's violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq*.

63. The UCL provides, in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising…"

64. Defendant violated federal and California law because the Products are packaged in containers made, formed or filled as to be misleading and that

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

contain non-functional slack-fill and because they are intentionally packaged to prevent the consumer from being able to fully see their contents.

### A. "Unlawful" Prong

65. Defendant's business practices, described herein, violated the "unlawful" prong of the UCL by violating Section 352 of the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. 301, the CLRA, Cal. Bus. & Prof. Code § 12606, California Health & Safety Code § 110690, and other applicable law as described herein.

66. Defendant violated section 12606 of the California Business and Professions Code, in that Defendant packaged its Products in non-conforming type containers. Said non-conforming packages contained extra space by volume in the interior of the container. The extra space provided no benefit to the contents of the packaging and misled consumers. In addition, Defendant packaged its Products in containers made, formed, or filled as to be misleading to a potential customer as to the actual size and filling of the package with Defendant's Products.

### B. "Unfair" Prong

67. Defendant's business practices, described herein, violated the "unfair" prong of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the gravity of the conduct outweighs any alleged benefits. Defendant's advertising is of no benefit to consumers.

### C. "Fraudulent" Prong

68. Defendant violated the "fraudulent" prong of the UCL by misleading Plaintiffs and the Class to believe that the Products contained more content than they actually contain and that such packaging and labeling practices were lawful, true and not intended to deceive or mislead consumers.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

69. Plaintiffs and the Class Members are not sophisticated experts about the corporate branding, labeling, and packaging practices of the Products. Plaintiffs and the Class acted reasonably when they purchased the Products based on their belief that Defendant's representations were true and lawful.

70. Plaintiffs and the Class lost money or property as a result of Defendant's UCL violations because (a) they would not have purchased the Products on the same terms absent Defendant's illegal conduct as set forth herein, or if the true facts were known concerning Defendant's representations; (b) they paid a price premium for the Products due to Defendant's misrepresentations; and (c) the Products did not have the quantities as represented.

71. The conduct of Defendant as set forth above demonstrates the necessity for granting injunctive relief restraining such and similar acts of unfair competition pursuant to California Business and Professions Code.  Unless enjoined and restrained by order of the court, Defendant will retain the ability to, and may engage in, said acts of unfair competition, and misleading advertising.  As a result, Plaintiffs and the Class are entitled to injunctive and monetary relief.

## COUNT III
### VIOLATION OF CALIFORNIA'S FALSE ADVERTISING LAW,
### California Business & Professions Code § 17500, *et seq.*

72. Plaintiffs reallege and incorporate herein by reference the allegations contained in all preceding paragraphs, and further allege as follows:

73. Plaintiffs bring this claim individually and on behalf of the Members of the Class for Defendant's violations of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, *et seq*.

74. Under the FAL, the State of California makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state . . . . in any advertising device . . . or in any other manner or means

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

whatever, including over the Internet, any statement, concerning . . . personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

75. Defendant engaged in a scheme of offering misbranded Products for sale to Plaintiffs and the Class Members by way of packaging the Products in containers made, formed or filled as to be misleading and which contain non-functional slack-fill.  Such practice misrepresented the content and quantity of the misbranded Products.  Defendant's advertisements were made in California and come within the definition of advertising as contained in Bus. & Prof Code §§ 17500, *et seq.* in that the product packaging was intended as inducements to purchase Defendant's Products.  Defendant knew its conduct was unauthorized, inaccurate, and misleading.

76. Defendant violated federal and California law because the Products are packaged in containers made, formed or filled as to be misleading and which contain non-functional slack-fill and because they are intentionally packaged to prevent the consumer from being able to fully see their contents.

77. Defendant violated 17500, *et seq.* by misleading Plaintiffs and the Class to believe that the Product packaging contains more product than it in fact contains, as described herein.

78. Defendant knew or should have known, through the exercise of reasonable care that the Products were and continue to be misbranded, and that its representations about the quantities of the Products were untrue and misleading.

79. Plaintiffs and the Class Members lost money or property as a result of Defendant's FAL violations because (a) they would not have purchased the Products on the same terms absent Defendant's illegal conduct as set forth herein, or if the true facts were known concerning Defendant's

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

representations; (b) they paid a price premium for the Products due to Defendant's misrepresentations; and (c) the Products did not have the benefits, or quantities as promised, and as a result the class is entitled to monetary and injunctive relief.

## COUNT IV
## VIOLATION OF NEW YORK DECEPTIVE TRADE PRACTICES ACT NEW YORK GENERAL BUSINESS LAW § 349

80. Plaintiffs reallege and incorporate herein by reference the allegations contained in all preceding paragraphs, and further allege as follows:

81. Plaintiffs bring this claim individually and on behalf of the Members of the Class for Defendant's violations of New York's Deceptive Acts or Practices Law, NY GBL § 349.

82. NY GBL § 349 states that "deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are … unlawful."

83. Any person who has been injured by reason of a violation of NY GBL § 349 may bring an action to enjoin such unlawful act or practice, an action to recover actual damages or fifty dollars, whichever is greater, or both. The court may, in its discretion, increase the award to an amount not to exceed three times the actual damage, up to one thousand dollars, if the conduct was willful or knowing.

84. It is not necessary to prove justifiable reliance under NY GBL § 349. *See Koch v. Acker, Merrall & Condit. Co.*, 18 N.Y.3d 940, 941 (N.Y. App. Div. 2012) ("To the extent that the Appellate Division order imposed a reliance requirement on General Business law 349 . . . claims, it was error. Justifiable reliance by the plaintiff is not an element of the statutory claim.") (internal citations omitted).

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

85.   Defendant engaged in deceptive acts and practices by offering misbranded Products for sale in trade or commerce to Plaintiffs and the Class Members by way of packaging the Products in containers made, formed or filled as to be misleading and which contain non-functional slack-fill.  Such practices were in violation of NY GBL § 349 and 21 C.F.R. 100.100.

86.   Defendant violated federal and New York law because the Products are packaged in containers made, formed or filled as to be misleading and which contain non-functional slack-fill and because they are intentionally packaged to prevent consumers from being able to fully see their contents.

87.   The foregoing deceptive acts and practices were directed at consumers.

88.   Plaintiffs and the Class Members lost money or property as a result of Defendant's violations of NY GBL § 349 because (a) they would not have purchased the Products on the same terms absent Defendant's illegal conduct as set forth herein, or if the true facts were known concerning Defendant's representations; (b) they paid a price premium for the Products due to Defendant's misrepresentations; and (c) the Products did not have the benefits, or quantities as promised, and as a result the class is entitled to monetary and injunctive relief.

## COUNT V
## NEGLIGENT MISREPRESENTATION

89.   Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein, and further allege as follows:

90.   Defendant, directly or through its agents and employees, made false representations, concealments and non disclosures to Plaintiffs and Members of the Class.

91.   Defendant as the manufacturer, packager, labeler and initial seller of the Products purchased by Plaintiffs and Class Members had a duty to disclose the true quantity of the Products and to refrain from selling them in

containers made, formed or filled as to be misleading and which contain non-functional slack-fill.  Defendant had exclusive knowledge of material facts not known or reasonably accessible to Plaintiffs and Class Members; Defendant actively concealed material facts from Plaintiffs and Class Members and Defendant made partial representations that are misleading because some other material fact has not been disclosed.  Defendant's failure to disclose the information it had a duty to disclose constitutes material misrepresentations and materially misleading omissions which misled Plaintiffs and Class Members, who relied on Defendant in this regard to disclose all material facts accurately, truthfully and fully.

92.  Plaintiffs and Members of the Class reasonably relied on Defendant's representation that the Products contain more product than actually packaged.

93.  In making the representations of fact to Plaintiffs and Members of the Class described herein, Defendant has failed to fulfill its duties to disclose the material facts set forth above.  The direct and proximate cause of this failure to disclose was Defendant's negligence and carelessness.

94.  Defendant, in making the misrepresentations and omissions, and in engaging in the acts alleged above, knew or reasonably should have known that the representations were not true.  Defendant made and intended the misrepresentations to induce the reliance of Plaintiffs and Members of the Class.

95.  As the manufacturer of its Products, Defendant is in the unique position of being able to provide accurate information about those Products.  Therefore there is a special and privity-like relationship between Defendant and Plaintiffs and other consumers.

96.  Defendant has a duty to correct the misinformation it disseminated through its advertising of the Products.  By not informing Plaintiffs and Members of

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

the Class, Defendant breached its duty.  Defendant also gained financially from and as a result of this breach.

97. By and through such deceit, misrepresentations and/or omissions, Defendant intended to induce Plaintiffs and Members of the Class to alter their position to their detriment. Plaintiffs and Members of the Class relied upon these false representations when purchasing Products in over-sized containers, which reliance was justified and reasonably foreseeable.

98. As a direct and proximate result of Defendant's wrongful conduct, Plaintiffs and Members of the Class have suffered and continue to suffer economic losses and other general and specific damages, including but not limited to the amounts paid for Products, and any interest that would have been accrued on all those monies, all in an amount to be determined according to proof at time of trial.

99. Defendant acted with intent to defraud, or with reckless or negligent disregard of the rights of Plaintiffs and Members of the Class.

100. Plaintiffs and Members of the Class are entitled to relief in an amount to be proven at trial, and injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief and judgment as follows:

(A)   For an Order certifying the Class pursuant to Federal Rule of Civil Procedure 23, appointing Plaintiffs as class representatives, and designating Plaintiffs' counsel as counsel for the Class;

(B)   For an Order certifying the California Subclass, appointing Plaintiff Palmer representative of the California Subclass, and designating his counsel as counsel for the California Subclass;

(C)   For an Order certifying the New York Subclass, appointing Plaintiff Martinez representative of the New York Subclass, and designating her counsel as counsel for the New York Subclass;

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

(D)   For an Order declaring that Defendant's conduct violated the CLRA, Cal. Civ. Code § 1750, *et seq.*, and awarding (i) injunctive relief, (ii) costs of suit, and (iii) reasonable attorneys' fees;

(E)   For an Order declaring that Defendant's conduct violated California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*, and California's False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq.*, and awarding (i) injunctive relief, (ii) actual damages, (iii) prejudgment and post judgment interest, (iv) exemplary and/or punitive damages pursuant to Cal. Civ. Code § 3294, (v) costs of suit, and (vi) reasonable attorneys' fees pursuant to, *inter alia*, Cal. Code of Civ. Proc § 1021.5;

(F)   For an Order declaring that Defendant's conduct violated New York Gen Bus Law § 349, and awarding (i) injunctive relief, (ii) actual and statutory damages, (iii) treble damages, (iv) prejudgment and post judgment interest, and (v) reasonable attorneys' fees;

(G)   For an Order finding that Defendant made Negligent Misrepresentations, and awarding special, general, and compensatory damages to Plaintiffs and the Class;

(H)   For compensatory damages in amounts to be determined by the Court and/or jury;

(I)   For prejudgment interest on all amounts awarded;

(J)   For an order of restitution and all other forms of equitable monetary relief, as pleaded;

(K)   For injunctive relief as pleaded or as the Court may deem proper;

(L)   For an Order awarding Plaintiffs and the Class their reasonable attorneys' fees and expenses and costs of suit as pleaded; and

(M)   For such other and further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

Plaintiffs, individually and on behalf of all others similarly situated, hereby demand a jury trial on all claims so triable.

Dated: May 18, 2016                              Respectfully submitted,

                                                 **KAZEROUNI LAW GROUP, APC**

                                                 By:  /s/ Abbas Kazerounian
                                                      Abbas Kazerounian
                                                      ATTORNEY FOR PLAINTIFFS

**GOTTLIEB & ASSOCIATES**
Jeffrey M. Gottlieb, Esq. (JG-7905)
Dana L. Gottlieb, Esq. (DG-6151)
Pro hac vice to be filed
150 East 18th Street
Suite PHR
New York, NY 10003
NYJG@aol.com
danalgottlieb@aol.com
Telephone: (212) 228-9795
Facsimile: (212) 982-6284

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626